PAUL V. SIMPSON, BAR NO. 83878
psimpson@sgijlaw.com
SARAH E. LUCAS, BAR NO. 148713
slucas@sgijlaw.com
SIMPSON, GARRITY, INNES & JACUZZI
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, California 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorneys for Defendant ANDREW M. JORDAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERWYN BRUMBLE on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>ANDREW M. JORDAN, INC., a California Corporation; and DOES 1-50, inclusive.<br><br>          Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1441**<br><br>**FEDERAL QUESTION**<br><br>(Alameda County Superior Court Case No. 23CV025786) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and 1453,

Defendant Andrew M. Jordan, Inc. ("Defendant") by and through its undersigned counsel, hereby

removes the above-captioned state court action, originally filed as Case No. 23CV025786 in the

Superior Court of the State of California in and for the County of Alameda, to the United States

District Court for the Northern District of California. In support of this Notice of Removal,

Defendant states as follows:

## I. BACKGROUND

1.      On January 17, 2023, Plaintiff Kerwyn Brumble ("Plaintiff") filed his Class Action Complaint ("Complaint") against Defendant in the Superior Court of the State of California, County of Alameda, styled *Kerwyn Brumble v. Andrew M. Jordan, Inc., et al.*, Case No. 23CV025786. (See Plaintiff's Complaint ("Compl."), included in Exhibit A hereto).

2.      Defendant was served with the Complaint and Summons in this matter on February 21, 2023.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant are attached hereto as **Exhibit A**.

3.      The Complaint alleges causes of action under the California Labor Code for: (1) Failure to Pay All Minimum Wages; (2) Failure to Pay All Overtime Wages: (3) Meal Period Violations; (4) Rest Period Violations; (5) Failure to Pay All Sick Time; (6) Wage Statement Violations; and (7) Waiting Time Penalties. The Complaint also alleges a cause of action for Unfair Competition under California Business and Professions Code § 17200 *et seq.*  (See, Compl. Included in  Exhibit A).

## II. LEGAL STANDARDS FOR REMOVAL

4.      Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5.      Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

6.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7.      Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or

otherwise, of a copy of the initial pleading . . . ."

8.    Pursuant to 28 U.S. §1453, a class action may be removed to a district court of the United States in accordance with 28 U.S.C. 1446.

### III. TIMELINESS OF REMOVAL

9.    On February 21, 2023, Defendant was served with Summons and the Complaint in this matter. (See, Proof of Service attached hereto as **Exhibit B**).

10    Defendant filed this Notice of Removal on March 22, 2023, twenty-nine (29) days after it was served with Summons and the Complaint.

11.    Defendant's Notice of Removal is timely as it was filed within thirty (30) days of receiving the Complaint and Summons through service. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999).

### IV. BASIS FOR FEDERAL QUESTION JURISDICTION

12.    A cause of action under federal law exists for purposes of original jurisdiction if the plaintiff's "well-pleaded complaint" presents a federal issue. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1 (1983). Although pleading standards generally permit a plaintiff to avoid federal jurisdiction based on a federal question by relying exclusively on state law, a plaintiff cannot do this where there is complete preemption. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 386-87 (1987).  "Under the complete preemption doctrine, the preemptive force of a federal statute converts an ordinary state law common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint." *Ayala v. Destination Shuttle* Servs., *LLC*, et al., No. CV 13-6141 GAF (PJW), 2013 U.S. Dist. LEXIS 191162, at *2 (C.D. Cal. Nov. 1, 2013).

13.     Here, Plaintiff styles his claims as arising under state law, but Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), completely preempts Plaintiff's claims for meal period violations, rest period violations, failure to pay all overtime wages and failure to provide sick time. Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect

to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

14.     "Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts . . . [t]hus, any suit 'alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law.'" *E34*citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985); *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103-04, 82 S. Ct. 571, 7 L. Ed. 2d 593 (1962)). 16.  The Supreme Court has held that Section 301 completely preempts state law claims for the enforcement of CBAs.  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust* (1983) 463 U.S. 1, 23, 103 S. Ct. 2841, 2853.

15.     "A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law." *Curtis, supra*, 913 F.3d at 1152. "Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary preemptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)). Therefore, "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Id.*

16.     Courts within the jurisdiction of the Ninth Circuit apply a two-step analysis to determine whether Section 301 preemption applies to a state law claim. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). First, the court must ask whether the asserted claim involves a "right [that] exists solely as a result of the CBA." *Kobold v. Good Samaritan Regional Medical. Ctr.*, 8323 F.3d 1024, 1032 (9th Cir. 2016) (quoting Burnside, 832 F.3d at 1032). This step asks: "Does the claim seek 'purely to vindicate a right or duty created by the CBA itself?" *Curtis, supra*, 913 F.3d at 1152.  If the answer is yes, "then the claim is preempted, and [the] analysis ends there." *Burnside*, 491 F.3d at 1059. If the answer is no, however, the Court proceeds

to the second step of the analysis and asks "whether a plaintiff's state law right is substantially dependent on analysis of [the CBA]." *Curtis, supra*, 491 F.3d at 1153 (quoting *Kobold, supra*, 832 F.3d at 1033 (internal quotation marks and citations omitted)). A state law right is substantially dependent on analysis of the CBA if the claim cannot be resolved without interpreting the CBA. *Id.*

17.     Here, Plaintiff's claims for meal period violations, rest period violations, failure to pay all overtime wages, and failure to pay all sick time arise solely under a collective bargaining agreement ("CBA"), the 2018-2023 Master Agreement for Northern California between United Contractors and Northern California District Council of Laborers ("Laborers Master Agreement"). Defendant is a union signatory contractor bound to the Laborers Master Agreement, by virtue of its membership in the United Contractors multiemployer bargaining association.  (See, Decl. Of Andrew M. Jordan ("Jordan Decl."), ¶3 and Exhs. A, B.)  Plaintiff was employed by Defendant as a union laborer pursuant to the Laborers Master Agreement.  (Jordan Decl., ¶¶ 2, 4.)  Accordingly, Plaintiff is exempt under state statutes upon which these claims are based, and even if they do not arise solely under the Laborers Master Agreement, the claims cannot be resolved without interpreting that CBA.

18.     Cal. Labor Code Section 512(a)—generally requiring 30-minute meal periods under prescribed circumstances—does not apply to an employee in a construction occupation, like Plaintiff, who is covered by a CBA that "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." Cal. Lab. Code § 512(e) See also, IWC Wage Order 16, § 10(E), (F), 8 Cal. Code Regs. § 11160(10)(E), (F) (employees in construction occupation subject to a valid CBA are exempt from meal period requirements if CBA expressly provides for wages, hours of work, and working conditions and provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30

percent more than the state minimum wage); Cal Lab. Code § 226.7(e) (stating that Section 226.7, which provides a remedy for meal and rest period violations, does not apply to an employee who is exempt from meal period requirements pursuant to an order of the Industrial Welfare Commission.). The Laborer's Master Agreement satisfies each requirement stated in Labor Code Section 512(e), and Plaintiff was covered by that CBA.  (Jordan Decl., Exh. A, §§ 6(A), 9, 10, 13A-C, 18, 19, 20A, and Supps. Nos.1-5; Exh. B; Req. Jud. Not., Exh. A.)  As a result, Plaintiff is exempt from California's meal break laws, and his rights in this regard arise solely under the Laborers Master Agreement. See, *Marquez v. Toll Global Forwarding*, 804 F. App'x 679, 680 (9th Cir. 2020), quoting *Curtis, supra*, at 1155 ("The CBAs governing [plaintiff's] employment . . . meet the requirements of § 512(e). As a result, [plaintiff's] right to meal periods 'exist[s] solely as a result of the [CBAs].'").

19.    The same is true of Plaintiff's claim for Rest Period Violations. Wage Order 16, applicable to construction occupations, provides a specific exemption to its rest break requirements for employees in the construction industry who are covered by a valid CBA which provides equivalent protection.  IWC Wage Order 16, § 11(E); 8 Cal. Code Regs. § 11160(11)(E) The Laborers Master Agreement, which covered Plaintiff's work, provides such equivalent protection.  (Jordan Decl., Exh. A, §§ 6(B)).  As a result, Plaintiff is exempt from the applicable state rest break requirements, and his rights in this regard arise solely under the Laborers Master Agreement.

20.    Plaintiff is similarly exempt from state overtime requirements.  Cal. Lab. Code § 510 establishes a California employer's obligation to pay overtime wages.  Cal. Labor Code section 514 provides: "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." "By its terms, therefore, the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a

qualifying CBA." *Curtis, supra*, 913 F.3d at 1153-1154.  The Laborers Master Agreement meets requirements of Section 514 in that it expressly provides for the wages, hours of work, and working conditions of the employees, and provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. As a result, pursuant to *Curtis, supra*, Plaintiff's right to overtime exists solely as a result of the CBA. (Jordan Decl., Exh. A, §§ 6, 13A-C, 18, 19, 20A, Supps. No. 1 -5; Request Jud. Not., Exh. A.)  Accordingly, Plaintiff's rights with respect to overtime wages arises solely under the Laborers master Agreement.

21.     Plaintiff alleges that Defendant failed to meet its obligation to provide paid sick leave pursuant to Cal. Labor Code §246, part of the Healthy Workplaces, Healthy Families Act of 2014. (Compl., ¶¶ 25-29, 71-76.)  Cal. Labor Code 245.5(a)(2) provides that the provisions of Labor Code § 246 do not apply to "an employee in the construction industry covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of employees, premium wage rates for all overtime hours worked, and regular hourly pay of not less than 30 percent more than the state minimum wage rate, and the agreement either (A) was entered into before January 1, 2015, or (B) expressly waives the requirements of this article in clear and unambiguous terms."

22.     As discussed above, Plaintiff was covered by the Laborers Master Agreement which expressly provides for the wages, hours of work and working conditions of employees, premium wage rates for all overtime hours worked, and regular hourly pay of not less than 30 percent more of the state minimum wage rate.  (Jordan Decl., Exh. A, §§ 6, 13A-C, 18, 19, 20A, Supps. Nos. 1 -5; Request Jud. Not., Exh. A.) The Laborers Master Agreement also includes a Paid Sick Leave Waiver which expressly waives the provisions of the Healthy Workplaces, Healthy Families Act of 2014.  (See, Laborers Master Agreement, p. 70.)  Accordingly, Plaintiff is exempt under the statutory paid sick leave requirements and his rights in this regard arise solely under the Laborers Master Agreement.

23.     Even if Plaintiff's claims for meal period violations, rest period violations, failure

to pay all overtime wages, and failure to pay all sick time do not arise solely under the Laborers Master Agreement, they are nevertheless preempted because they are substantially dependent on analysis of that CBA. The Court will be required to interpret the Laborers Master Agreement to determine how wages, hours, and meal periods are prescribed and implemented. This will require more than mere reference to the CBA. Therefore, Plaintiff's claims for meal period violations, rest period violations, failure to pay all overtime wages, and failure to pay all sick time are preempted under Section 301. *Curtis, supra*, 913 F.3d at 1154; *Marquez, supra*, 804 F. App'x at 680.

24.     This Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1331 and removal is appropriate pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

## V. BASIS FOR SUPPLEMENTAL JURISDICTION

25.     To the extent LMRA Section 301 does not preempt Plaintiff's remaining claims—failure to pay all minimum wages, wage statement violations, waiting time penalties, and unfair competition—these claims are nevertheless within the supplemental jurisdiction of the Court under 29 U.S.C. § 1367(a) because they are "derived from a common nucleus of operative fact" and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding *Kuba v. 1-A Agric. Ass'n,* 387 F.3d 850, 855 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. Laborers Health Welfare v. Desert Valley Landscape Maint., Inc.,* 333 F.3d 923, 925 (9th Cir. 2003) Plaintiff's remaining claims are entirely derivative of Plaintiff's claims that arise under the Laborers Master Agreement. For example, Plaintiff claims that he received inaccurate wage statements and is entitled to waiting time penalties because—according to Plaintiff—Defendant did not pay overtime, sick pay or for missed meal and rest periods. (Compl., ¶¶ 80, 88.) Likewise, Plaintiff's unfair competition claim is a solely derivative claim and arises out of the same nucleus of facts as Plaintiff's claims for meal period violations, rest period violations, unpaid overtime wages and failure to pay all sick time. (See, Compl, ¶¶ 90-95.) To the extent these derivative claims arise solely under California state law, this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a). *See also, Franco v. E-3 Sys.*, No. 19-cv-01453-HSG, 2019

U.S. Dist. LEXIS 195396, at *10 (N.D. Cal. Nov. 8, 2019) ("Plaintiff's remaining claims under California law arise from the same working conditions and relationship with Defendant during the same period as Plaintiff's [preempted] overtime claim. * * * Therefore, the Court finds that the claims derive from a 'common nucleus of operative fact and asserts supplemental jurisdiction over the remaining claims."); *Linebarger v. Graphic Packaging Int'l, LLC*, No. SACV 20-00309 JVS (JDE), 2020 U.S. Dist. LEXIS 71054, at *18 (C.D. Cal. Apr. 22, 2020) (Plaintiff's remaining PAGA claims are subject to the court's supplemental jurisdiction "because the claims are derived from a common nucleus of operative facts—the way in which [the employer] paid [plaintiff] during his employment.").

26.     Based on the above facts and law, this action is removable in its entirety.

## VI. VENUE

27.     Venue is proper in the Northern District of California because the Complaint was filed in the Superior Court of the State of California, for the County of Alameda, which is located within the Northern District of California. See 28 U.S.C. §§ 1441(a), 1446(a).

## VII. DIVISIONAL ASSIGNMENT

28.     Assignment to the San Francisco Division of the Northern District of California is proper pursuant to Civil L.R. 3-2(c) and (d) because this action arises out of Alameda County.

## VIII. NOTICE TO PLAINTIFF AND THE SUPERIOR COURT OF CALIFORNIA

29.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file with the Superior Court of the State of California, for the County of Alameda, and serve upon Plaintiff, a copy of this Notice of Removal.

30.     The undersigned counsel for Defendant has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREFORE, Defendant Andrew M. Jordan, Inc. removes this action from the Superior Court of the State of California, County of Alameda, to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1446, 1453 and Fed. R. Civ. P. 81(c).

Date:  March 22, 2023                    Respectfully Submitted,

SIMPSON, GARRITY, INNES & JACUZZI
Professional Corporation


By:  */s/ Paul V. Simpson*
     PAUL V. SIMPSON
     SARAH E. LUCAS
     Attorneys for Defendant
     ANDREW M. JORDAN, INC

NOTICE OF REMOVAL

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="float:right; border:1px solid;">
**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
01/17/2023
Chad Finke, Executive Officer / Clerk of the Court
By: _____A. Linhares_____ Deputy
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
 ANDREW M. JORDAN, INC., a California Corporation; and DOES
1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KERWYN BRUMBLE  on behalf of herself and all others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

  You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.**
  *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Oakland - Rene C. Davidson Courthouse | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* 1225 Fallon Street  Oakland, California 94612 | 23CV025786 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Mehrdad Bokhour, Esq. (SBN:285256) 1901 Avenue of the Stars, Suite 450, LA, CA 90067; (310) 975-1493

| DATE: *(Fecha)* 01/17/2023 Chad Finke, Executive Officer / Clerk of the Court | Clerk, by *(Secretario)* A. Linhares | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

1  **BOKHOUR LAW GROUP, P.C.**
   Mehrdad Bokhour, Esq., CA Bar No. 285256
2  *mehrdad@bokhourlaw.com*
   1901 Avenue of the Stars, Suite 450
3  Los Angeles, California 90067
   Tel: (310) 975-1493; Fax: (310) 675-0861
4

5  **FALAKASSA LAW, P.C.**
   Joshua S. Falakassa, CA Bar No. 295045
6  *josh@falakassalaw.com*
   1901 Avenue of the Stars, Suite 450
7  Los Angeles, California 90067
   Tel: (818) 456-6168; Fax: (888) 505-0868
8

9  Attorneys for Plaintiff and the Putative Classes

10           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **FOR THE COUNTY OF ALAMEDA**

12  KERWYN BRUMBLE on behalf of herself and    CASE NO.:  23CV025786
13  all others similarly situated,

14          Plaintiff,                          **CLASS ACTION COMPLAINT:**

                v.

15                                              (1)   FAILURE TO PAY ALL MINIMUM
16  ANDREW M. JORDAN, INC., a California              WAGES;
    Corporation; and DOES 1-50, inclusive.
17                                              (2)   FAILURE TO PAY ALL OVERTIME
            Defendants.                               WAGES;
18
                                                (3)   MEAL PERIOD VIOLATIONS;
19
                                                (4)   REST PERIOD VIOLATIONS;
20
                                                (5)   FAILURE TO PAY ALL SICK TIME;
21
                                                (6)   WAGE STATEMENT VIOLATIONS;
22
                                                (7)   WAITING TIME PENALTIES; &
23
                                                (8)   UNFAIR COMPETITION
24
                                                      **DEMAND FOR JURY TRIAL**
25

26

27

28

---

                    **CLASS ACTION COMPLAINT**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**01/17/2023 at 10:29:37 AM**
By: Angela Linhares,
Deputy Clerk

1    Plaintiff Kerwyn Brumble ("Plaintiff") on behalf of himself, and all other similarly situated

2  non-exempt employees, alleges, and complains of Defendant Andrew M. Jordan, Inc. ("Defendant")

3  and DOES 1 to 50 (hereinafter collectively, "Defendants") and each of them, as follows:

4    **INTRODUCTION**

5    1.    Defendants are a construction company providing a full array of construction and civil

6  engineering services with the goal of working with Northern California companies to build, innovate,

7  and advance into what it is today. Plaintiff brings this class action lawsuit against Defendants for

8  alleged violations of the California Labor Code and Business and Professions Code.

9    2.    As set forth below, Plaintiff alleges that Defendants failed to pay all minimum wages

10  and overtime compensation owed, and also failed to pay all sick pay wages at the proper legal rates.

11  Moreover, Plaintiff alleges that Defendants' meal and rest period policies and practices failed to allow

12  and permit non-exempt employees to take all compliant and timely meal and rest periods or pay

13  premium wages at the "regular rate of pay" in lieu thereof. Plaintiff further alleges that Defendants

14  failed to provide non-exempt employees with accurate written itemized wage statements in violation

15  of Labor Code § 226(a) and failed to timely pay all final wages upon separation of employment in

16  violation of Labor Code §§ 201-203.

17    3.    Based on these alleged Labor Code violations, Plaintiff now brings this class action

18  and representative action to recover unpaid wages, restitution, penalties, and other related relief on

19  behalf of himself and all others similarly situated non-exempt employees.

20    **JURISDICTION AND VENUE**

21    4.    Plaintiff, on behalf of himself and all others similarly situated employees hereby brings

22  this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-

23  203, 204, 210, 226, 226(a), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1194, 1197.1, 1199, and

24  applicable Industrial Welfare Commission Wage Orders ("Wage Orders"), in addition to seeking

25  declaratory relief and restitution pursuant to California Business and Professions Code § 17200, *et*

26  *seq.*

27    5.    This class action is brought pursuant to California Code of Civil Procedure § 382.

28

**CLASS ACTION COMPLAINT**

6.     This Court has jurisdiction over Defendants' violations of the California Labor Code and applicable Wage Orders because the amount in controversy exceeds this Court's jurisdictional minimum.

7.     Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, Defendants operate in California within the County of Alameda, and Defendants are within the jurisdiction of this Court for purposes of service of process.

<div align="center"><b><u>PARTIES</u></b></div>

8.     At all relevant times herein, Plaintiff, who is over the age of 18, was and currently is a California resident residing in the State of California. Defendants employed Plaintiff as a non-exempt employee in the County of Alameda.

9.     Plaintiff is informed and believes and thereon alleges that Defendants are authorized to and doing business in Turlock, California, within the County of Alameda and is and/or was the legal employer of Plaintiff and the Class Members during the applicable statutory periods. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein and has been deprived of the rights guaranteed to her by California Labor Code §§ 201-203, 204, 210, 226, 226(a), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1194, 1197.1, 1199, and the California Business and Professions Code § 17200 *et seq.*, and applicable Wage Orders.

10.     Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business in the State of California, County of Alameda.

11.     Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices alleged herein.

<div align="center">3</div>
<div align="center"><b>CLASS ACTION COMPLAINT</b></div>

12.    Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

13.    At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## COMMON FACTUAL ALLEGATIONS

14.    Founded in 1991, Defendants are a construction company providing a full array of construction and civil engineering services with the goal of working with Northern California companies to build, innovate, and advance into what it is today.

15.    Plaintiff started working for Defendants, Inc. on or about September 16, 2019, as a non-exempt employee with the title of "Laborer." Plaintiff and other non-exempt employees (including, but not limited to laborers, foreman, forklift operators, estimators, and all other non-exempt positions) were responsible for all aspects of Defendants, Inc.'s business across the state of California. However, in these roles Plaintiff and other non-exempt employees were often not afforded all protections and rights conferred under the California Labor Code and applicable Wage Orders.

16.    First, at all relevant times, Defendants, Inc. has had a consistent practice/policy of unfairly rounding and/or editing Plaintiff's and other non-exempt employees' time entries to the reflect the exact time of their scheduled shifts. As a result of this practice, over a period of time, Plaintiff and other non-exempt employees are not compensated for all the hours that they work or were subject to the control of Defendants, Inc. in violation of Labor Code §§ 204, 210, 510, 1194,

**CLASS ACTION COMPLAINT**

1197.1, 1199, and applicable Wage Orders.

17.    California courts have held that rounding time policies can be lawful, "if the rounding policy is fair and neutral on its face and 'it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked. *See's Candy Shops v. Superior Court* (2012) 210 Cal.App.4th 889, 907 (29 C.F.R. § 785.48; see DLSE Manual, supra, §§ 47.1, 47.2.)."

18.    Here, Defendants, Inc.'s policy/practice is not neutral on its face or in its application as Plaintiff and other non-exempt employees are subject to discipline, including termination for being tardy in reporting to work, or returning from a meal period. Moreover, because Defendants, Inc. can track the exact time worked by non-exempt employees to the exact minute, the policy itself exists not for the convenience or benefit of the employees who are trying to accurately report their time, but for Defendants' benefit. As a result, the policy is not neutral on its face, on of Labor Code §§ 204, 210, 510, 1194, 1197.1, 1199, and applicable Wage Orders.

19.    Labor Code § 1197.1 authorizes employees who are paid less than the minimum fixed by an applicable state or local law, or by an order of the commission a civil penalty, restitution of wages, and liquidate damages as follows: (1) for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid....[and] (2) [f]or each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.  Additionally, Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day, no less than one and one-half times (11/2) the regular rate of pay.

20.    In addition, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a workday or more than eight (8) hours on the seventh consecutive day of work. Pursuant to Section 3 of the applicable Wage Orders, non-exempt employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and

1  one-half (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the

2  workweek.

3      21.    Furthermore, at all relevant times, Plaintiff and other non-exempt employees were not

4  properly paid at the correct overtime rate for all hours worked in excess of eight (8) hours per workday

5  and/or forty (40) hours per workweek. While Plaintiff and other non-exempt employees regularly

6  worked overtime hours, they were not compensated at one and one-half times their "regular rate of

7  pay" because Defendants, Inc. failed to include all forms of compensation, including but not limited

8  to, shift differential pay, non-discretionary bonuses, and other forms of remuneration when

9  calculating the "regular rate of pay" used in payment of overtime wages.

10     22.    Under the California Labor Code (as well as the FLSA), courts have consistently held

11  that regularly paid non-discretionary bonuses (and other forms of pay) must be included in

12  determining an employee's "regular rate of pay" for purposes of calculating overtime. (See *Haber v.*

13  *The Americana Corp.* 378 F. 2d 854, 855-856 (9th Cir. 1967) [holding that regularly paid efficiency

14  bonuses must be included in calculating the "regular rate"]; *Wang v. Chinese Daily News*, Inc. 435 F.

15  Supp. 2d 1042, 1055-1057 (C.D. Cal. 2006) [granting summary judgement to Plaintiff under

16  California and federal law on the grounds, that Defendant improperly calculated overtime by

17  excluding annual bonuses paid to employees from the "regular rate of compensation"].)

18     23.    Labor Code § 510 requires an employer to compensate an employee who works more

19  than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours

20  worked on the seventh consecutive day, no less than one and one-half times (11/2) the regular rate of

21  pay. In addition, Labor Code § 510 obligates employers to compensate employees at no less than

22  twice the regular rate of pay when an employee works more than twelve (12) hours in a workday or

23  more than eight (8) hours on the seventh consecutive day of work. Pursuant to Section 3 of the

24  applicable Wage Orders, non-exempt employees shall not be employed more than eight (8) hours in

25  any workday or more than 40 hours in any workweek unless the employee receives one and one-half

26  (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

27     24.    By their policy of requiring Plaintiff and the other non-exempt employees to work in

28  excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating

1  them at the lawful rate of one-half (1 1/2) their regular rate of pay, Defendants, Inc. willfully violated

2  the provisions of Labor Code § 510 and the applicable Wage Orders.

3      25.    Next, at all relevant times, Defendants, Inc. also failed in its obligation to provide

4  Plaintiff and other non-exempt employees the legally required paid sick days at the legal rate pursuant

5  to Labor Code §§ 246(a),(b), which requires that "[a]n employee who, on or after July 1, 2015, works

6  in California for the same employer for 30 or more days within a year from the commencement of

7  employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours

8  worked, beginning at the commencement of employment."

9      26.    Labor Code § 246(l)(1) provides that paid sick time for non-exempt employees must

10  be "calculated in the same manner as the regular rate of pay for the workweek in which the employee

11  uses paid sick time, whether or not the employee actually works overtime in that workweek."

12     27.    Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated

13  by dividing the employee's total wages, not including overtime premium pay, by the employee's total

14  hours worked in the full pay periods of the prior 90 days of employment."

15     28.    Finally, Labor Code §246(i) requires employers to "provide an employee with written

16  notice that sets forth the amount of paid sick leave available, or paid time off leave an employer

17  provides in lieu of sick leave, for use on either the employee's itemized wage statement described in

18  Section 226 or in a separate writing provided on the designated pay date with the employee's payment

19  of wages."

20     29.    Here, at all relevant times, Defendants, Inc. failed in its obligation to provide Plaintiff

21  and other non-exempt employees the legally required paid sick days at the legal rate, including all

22  forms of compensation, pursuant to Labor Code §§ 246(a),(b). As such, Defendants, Inc. paid sick

23  time below his base rate of pay, rather than the "regular rate of pay" as required by Labor Code §§

24  246(l)(1-2).

25     30.    Furthermore, at all relevant times, Plaintiff and other non-exempt employees were

26  denied compliant and timely 30-minute off-duty meal periods as mandated by California law. As a

27  result of Defendants, Inc.'s uniform meal period policies/practices and work demands, non-exempt

28  employees were often unable to take timely and uninterrupted 30-minute first meal periods before

7

**CLASS ACTION COMPLAINT**

the end of the fifth hour of work. Further, when other non-exempt employees worked in excess of 10 hours in a shift, they were not allowed and permitted to take a mandated second meal period before the end of the tenth hour of work in violation of the Labor Code and applicable Wage Orders.

31.    Additionally, Plaintiff and other non-exempt employees were not properly paid meal period premiums for missed or non-compliant meal periods at the "regular rate of pay" pursuant to *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 5th 858.

32.    Accordingly, due to Defendants, Inc.'s uniform meal period policies/practices, non-exempt employees were also regularly denied legally compliant meal periods in violation of Labor Code §§ 226.7, 510, 516, and applicable Wage Orders.

33.    Furthermore, at all relevant times, Plaintiff and other non-exempt employees were also not provided with all uninterrupted 10-minute rest periods for every four hours worked, or major fraction thereof due to Defendants, Inc.'s uniform rest period policies/practices and work demands. As a result, other non-exempt employees were and are often unable to take a net 10-minute duty free rest periods for every major fraction of four hours worked. This includes a second rest period for shifts in excess of 6 hours, and a third rest period for shifts in excess of 10 hours in a workday. Moreover, Defendants, Inc. had a rest break policy which required that non-exempt employees remain on premises during rest periods. Despite Defendants, Inc.'s claim that all employees are relied of all duties during their rest breaks, Defendants, Inc. still exerts control on employees by requiring them to remain onsite.

34.    By not relieving all non-exempt employees of all duties during rest periods, Defendants, Inc. failed to provide legally compliant rest periods. See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 269 [concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."] (Emphasis added). In *Augustus*, the California Supreme Court expressly rejected the employers' assertion that it could provide an on-duty rest period to employees who worked as security guards and further explained "that employers [must] relinquish any control over how employees spend their break time and relieve their employees of all duties." *Id*. at 273.

**CLASS ACTION COMPLAINT**

35.     Each time non-exempt employees were unable to take a compliant rest period, Defendants, Inc. failed and continues to fail to adequately pay rest period premium payments at the "regular rate of pay" as required by Labor Code § 226.7.

36.     Accordingly, due to Defendants, Inc.'s uniform rest period policies/practices, non-exempt employees were regularly denied legally compliant rest breaks in violation of Labor Code §§ 226.7, 512, and applicable Wage Orders.

37.     As a result of Defendants, Inc.'s failure to pay Plaintiff and other non-exempt employees for all hours they were subject to the control of Defendants, Inc., including all minimum and overtime wages,  and Defendants, Inc.'s failure to adequately pay for all meal and rest period premiums at the "regular rate of pay", Defendants, Inc. issued wage statements which failed to accurately identify the gross wages earned, the total hours worked, the net wages earned, and the correct corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(1, 2, 5, and 9).

38.     In addition, the wage statements issued by Defendants, Inc. uniformly fail to include the inclusive dates of the period for which the employee is paid in violation of Labor Code § 226(a)(6).

39.     Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226."

40.     Thus, Plaintiff is an non-exempt employee and Defendants have violated Labor Code §226(a) with respect to Plaintiff and other non-exempt employees. Consequently, because Defendants, Inc. failed to comply with Labor Code § 226(a), Plaintiff and other non-exempt employees would be entitled to recover penalties under Labor Code § 226(e).

41.     As a result of Defendants' failure to pay all minimum and overtime wages, and meal and rest period premiums at the "regular rate of pay", Defendants also failed and continue to fail to pay Plaintiff and other non-exempt employees all wages owed at their time of separation from

9

**CLASS ACTION COMPLAINT**

1    employment in violation of Labor Code §§ 201-203. Thus, non-exempt employees would be entitled

2    to recover waiting time penalties under Labor Code §§ 201-203.

3    <u>**CLASS ACTION ALLEGATIONS**</u>

4        42.    Plaintiff brings this action on behalf of himself and the following Classes pursuant to

5    § 382 of the Code of Civil Procedure:

6            All non-exempt employees who work or worked for Defendants in
             California, during the four years immediately preceding the filing of the
7            Complaint through the date of trial. ("Class");

8            All non-exempt employees who worked for Defendants in California and
             who worked overtime hours during at least one shift, during the four years
9            immediately preceding the filing of the Complaint through the date of trial.
10           ("Overtime Subclass");

11           All employees who work or worked for Defendants in California, during
             the one year immediately preceding the filing of the Complaint through the
12           date of trial. ("Wage Statement Subclass")

13
             All employees who work or worked for Defendants in California, and who
14           left their employ during the three years immediately preceding the filing of
             the Complaint through the date of trial. ("Waiting Time Penalty Subclass")
15           (collectively "the Classes")

16       43.    **Numerosity/Ascertainability**: The members of the Classes are so numerous that

17   joinder of all members would be unfeasible and not practicable. The membership of the Classes is

18   unknown to Plaintiff at this time; however, it is estimated that the Classes consist of at least one

19   hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of

20   Defendants' employment and payroll records.

21       44.    **Common Questions of Law and Fact Predominate/Well Defined Community of**

22   **Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated

23   non-exempt employees, which predominate over questions affecting only individual members

24   including, without limitation to:

25       1.    Whether Defendants failed to pay minimum wages and adequate overtime wages at the

26   "regular rate of pay" to the members of the Class;

27       2.    Whether Defendants provided legally compliant meal and rest periods or proper

28   compensation at the "regular rate of pay" in lieu thereof to members of the Class;

<center>10</center>
<center>**CLASS ACTION COMPLAINT**</center>

3.    Whether Defendants allowed and permitted Plaintiff and the Class to take legally compliant meal periods or pay premium wages at the "regular rate of pay" in lieu thereof;

4.    Whether Defendants allowed and permitted Plaintiff and the Class to take legally compliant rest periods or pay premium wages at the "regular rate of pay" in lieu thereof;

5.    Whether Defendants paid all sick pay wages at the appropriate legal rate;

6.    Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Subclass pursuant to Labor Code § 226(a);

7.    Whether Defendants accurately paid all sick pay wages owed using the "regular rate of pay" to Plaintiff and members of the Class; and

8.    Whether the timing and amount of payment of final wages to members of the Waiting Time Penalty Subclass at the time of separation from employment were unlawful.

45.    **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as without limitation, Defendants' failure to pay for all hours worked, and failure to adequately calculate the "regular rate of pay" for purposes of overtime pay and sick pay, Defendants' failure to provide all compliant meal and rest periods or premiums at the "regular rate of pay" in lieu thereof, Defendants' failure to provide accurate itemized wage statements, and Defendants' failure to pay for all wages due upon separation of employment. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

46.    **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes was deprived of overtime wages, sick pay wages, was deprived of meal and rest period premium wages, was subject to Defendants' uniform meal and rest period policies/practices, was not provided accurate itemized wage statements, and was not timely

11

1  paid all wages owed upon separation of employment.

2      47.  **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to

3  represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's

4  attorneys are ready, willing and able to fully and adequately represent the members of the Classes.

5  Plaintiff's attorneys have prosecuted and are actively litigating several wage-and-hour class actions

6  in state and federal courts and are committed to vigorously prosecuting this action on behalf of the

7  members of the Classes.

8      48.  **Superiority**: The California Labor Code is broadly remedial in nature and serves an

9  important public interest in establishing minimum working conditions and standards in California.

10  These laws and labor standards protect the average working employee from exploitation by

11  employers who have the responsibility to follow the laws and who may seek to take advantage of

12  superior economic and bargaining power in setting onerous terms and conditions of employment. The

13  nature of this action and the format of laws available to Plaintiff and members of the Classes make

14  the class action format a particularly efficient and appropriate procedure to redress the violations

15  alleged herein. If each employee were required to file an individual lawsuit, Defendants would

16  necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the

17  limited resources of each individual plaintiff with their vastly superior financial and legal resources.

18      49.  Moreover, requiring each member of the Classes to pursue an individual remedy would

19  also discourage the assertion of lawful claims by employees who would be disinclined to file an action

20  against their former and/or current employer for real and justifiable fear of retaliation and permanent

21  damages to their careers at subsequent employment. Further, the prosecution of separate actions by

22  the individual class members, even if possible, would create a substantial risk of inconsistent or

23  varying verdicts or adjudications with respect to the individual class members against Defendants

24  herein; and which would establish potentially incompatible standards of conduct for Defendants;

25  and/or legal determinations with respect to individual class members which would, as a practical

26  matter, be dispositive of the interest of the other class members not parties to adjudications or which

27  would substantially impair or impede the ability of the class members to protect their interests.

28  Further, the claims of the individual members of the class are not sufficiently large to warrant

**CLASS ACTION COMPLAINT**

1    vigorous individual prosecution considering all of the concomitant costs and expenses attending

2    thereto. As such, the Classes identified in Paragraph 42 are maintainable as Classes under § 382 of

3    the Code of Civil Procedure.

**FIRST CAUSE OF ACTION**

**MINIMUM WAGE VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

7    50.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

8    51.    Section 4 of the applicable Wage Order(s) and Labor Code §§ 1197 and 1182.12

9    establish the right of employees to be paid minimum wages for all hours worked, in amounts set by

10   state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the

11   legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together

12   with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid

13   wages and interest accrued thereon.

14   52.    At all relevant times herein, Defendants failed to conform their pay practices to the

15   requirements of the law. This unlawful conduct includes but is not limited to Defendants' uniform

16   and unlawful pay plan, policies, practices, which resulted in these individuals not being paid for all

17   hours they were actually suffered or permitted worked. Accordingly, Plaintiffs and members of the

18   Classes were not compensated for all hours worked including, but not limited to, all hours they were

19   subject to the control of Defendants and/or suffered or permitted to work under the Labor Code and

20   applicable Wage Orders.

21   53.    Labor Code § 1198 makes unlawful the employment of an employee under conditions

22   that the Industrial Welfare Commission prohibits. Labor Code §§ 1194(a) and 1194.2(a) provide that

23   an employer who has failed to pay its employees the legal minimum wage is liable to pay those

24   employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal

25   to the wages due and interest thereon.

26   54.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein,

27   Plaintiffs and the Classes have sustained economic damages, including but not limited to unpaid

28   wages and lost interest, in an amount to be established at trial, and they are entitled to recover

13

**CLASS ACTION COMPLAINT**

1  economic and statutory damages and penalties and other appropriate relief as a result of Defendants'

2  violations of the Labor Code and applicable Wage Orders.

3     55. Defendants' practice and uniform administration of corporate policy regarding illegal

4  employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members

5  of the Classes in a civil action for the unpaid amount of minimum wages, liquidated damages,

6  including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor

7  Code §§ 204, 558, 1194 *et seq.*, 1197, 1198, and Code of Civil Procedure § 1021.5.

8  <u>**SECOND CAUSE OF ACTION**</u>

9  **FAILURE TO PAY ALL OVERTIME WAGES**

10  **(AGAINST ALL DEFENDANTS)**

11     56. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

12     57. This cause of action is brought pursuant to Labor Code §§ 204, 210, 510, 558, 1194,

13  and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime

14  hours worked and provide a private right of action for the failure to pay all overtime compensation

15  for overtime work performed.

16     58. At all times relevant herein, Defendants were required to properly pay Plaintiff and

17  members of the Overtime Subclass for all overtime hours worked pursuant to California Labor Code

18  § 1194 and the applicable Wage Orders.

19     59. Section 3 of the applicable Wage Order requires an employer to pay an employee "one

20  and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per

21  workday and/or in excess of 40 hours of work in the workweek. The same section also requires an

22  employer to pay an employee double the employee's regular rate of pay for work in excess of twelve

23  hours each workday and/or for work in excess of 8 hours on the seventh consecutive day of work in

24  the workweek. Defendants caused Plaintiff to work overtime and hours but did not compensate

25  Plaintiff or members of the Overtime Subclass at one and one-half times their "regular rate of pay"

26  for such hours.

27     60. Defendants failed to conform their pay practices to the requirements of the law. At all

28  relevant times herein, Defendants failed to conform their pay practices to the requirements of the law.

1   This unlawful conduct includes but is not limited to Defendant's failure to properly pay for all hours

2   worked, including all overtime hours at the proper overtime rate, and Defendants' failure to include

3   all forms of compensation, including, but not limited to, non-discretionary bonuses and other

4   incentive pay in calculating the "regular rate of pay," which resulted in these individuals not being

5   paid for all overtime hours worked.

6         61.    The foregoing policies and practices are unlawful and create entitlement to recovery

7   by Plaintiff and the members of the Overtime Subclass in a civil action for the unpaid amount of

8   overtime wages, including interest thereon, statutory penalties, attorney's fees, and costs of suit

9   according to Labor Code §§ 204, 210, 510, 1194, and 1198, the applicable Wage Orders, and Code

10  of Civil Procedure § 1021.5.

11  ### THIRD CAUSE OF ACTION

12  ### MEAL PERIOD VIOLATIONS

13  ### (AGAINST ALL DEFENDANTS)

14        62.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

15        63.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in

16  their affirmative obligation to provide all of their hourly non-exempt employees, including, Plaintiff

17  and members of the Class, with all required meal periods in accordance with the mandates of the

18  California Labor Code and applicable Wage Orders, for the reasons set forth in the Common

19  Allegations section of this Complaint.

20        64.    Despite Defendants' violations, Defendants have not paid an additional hour of pay at

21  the "regular rate of pay" to Plaintiff and members of the Class at their respective regular rates of pay

22  for each violation, in accordance with California Labor Code § 226.7.

23        65.    As a result, Defendants are responsible for paying premium compensation for meal

24  period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the

25  applicable Wage Orders, Labor Code §§ 226.7, 512, and Civil Code §§ 3287(b) and 3289.

26  / /

27  / / /

28  / / /

---

15

**CLASS ACTION COMPLAINT**

**FOURTH CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

66.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

67.     Section 12 of the applicable Wage Orders and Labor Code §§ 226.7 and 516 establish the right of non-exempt employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

68.     Due to their unlawful rest period policy/practices and operational requirements/work demands, Defendants did not authorize and permit Plaintiff and members of the Class to take all rest periods to which they were legally entitled.

69.     Despite Defendants' violations, Defendants have not paid an additional hour of pay at the "regular rate of pay" to Plaintiff and members of the Class at their respective regular rates of pay for each violation, in accordance with California Labor Code § 226.7.

70.     The foregoing violations create an entitlement to recovery by Plaintiff and members of the Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7 and 516, and Civil Code §§ 3287(b) and 3289.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY ALL SICK TIME**

**(AGAINST ALL DEFENDANTS)**

71.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

72.     This cause of action is brought pursuant to Labor Code §§ 246, 558, 1194.2, 1197.1, 1198, and 1199 which provide that "[a]n employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment."

73.     At all times relevant herein, Defendants were required to properly pay Plaintiff and members of the Class for all sick time pursuant to California Labor Code § 246 and the applicable

16

**CLASS ACTION COMPLAINT**

1    Wage Orders.

2        74.    Labor Code § 246(l)(1) provides that paid sick time for non-exempt employees must

3    be "calculated in the same manner as the regular rate of pay for the workweek in which the employee

4    uses paid sick time, whether or not the employee actually works overtime in that workweek."

5    Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated by dividing

6    the employee's total wages, not including overtime premium pay, by the employee's total hours

7    worked in the full pay periods of the prior 90 days of employment." Finally, Labor Code §246(i)

8    requires employers to "provide an employee with written notice that sets forth the amount of paid

9    sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either

10   the employee's itemized wage statement described in Section 226 or in a separate writing provided

11   on the designated pay date with the employee's payment of wages."

12       75.    Defendants failed in their obligation to provide Plaintiff and the Class the legally

13   required paid sick days at the legal rate pursuant to Labor Code §§ 246(a),(b). Plaintiff and the

14   members of the Class were not paid at the correct "regular rate of pay."

15       76.    The foregoing policies and practices are unlawful and create entitlement to recovery

16   by Plaintiff and the members of the Class in a civil action for the unpaid amount of wages, including

17   interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 246

18   1192, 1194 *et seq.*, 1197, 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

19                            **SIXTH CAUSE OF ACTION**

20           **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

21                            **(AGAINST ALL DEFENDANTS)**

22       77.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

23       78.    Labor Code 226(a) states in pertinent part the following:

24       "(a) An employer, semimonthly or at the time of each payment of wages,
         shall furnish to his or her employee, either as a detachable part of the check,
25       draft, or voucher paying the employee's wages, or separately if wages are
         paid by personal check or cash, an accurate itemized statement in writing
26       showing (1) gross wages earned, (2) total hours worked by the employee,
         (3) the number of piece-rate units earned and any applicable piece rate if the
27       employee is paid on a piece-rate basis, (4) all deductions, provided that all

28
                                           17
                            **CLASS ACTION COMPLAINT**

deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

79.     As set forth above, during the Class Period, Defendants issued and continue to issue wage statements to its employees including Plaintiff and members of the Wage Statement Subclass, which are inadequate under Labor Code Section 226(a).

80.     As a result of Defendants failure to pay Plaintiff and the Wage Statement Subclass for all overtime wages, sick pay, and missed meal and rest period premiums at the appropriate legal rate, Defendants failed to include required information on Plaintiff and the Wage Statement Subclass' wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226(a)(1,2,5, and 9).

81.     In addition, the wage statements issued to Plaintiff and other non-exempt employees independently fail to include the inclusive dates of the period for which the employee is paid in violation of Labor Code Section 226(a)(6).

82.     Defendants' failure to comply with section 226(a) of the Labor Code was knowing and intentional.

83.     As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the Wage Statement Subclass in violation of section 226(a) of the California Labor Code, Plaintiff and members of the Wage Statement Subclass are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Wage Statement Subclass from Defendants pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

/ / /

/ / /

/ / /

**SEVENTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**(AGAINST ALL DEFENDANTS)**

84.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

85.    The actionable period for this cause of action is three years prior to the filing of this Complaint through the present, and on-going until the violation is corrected, or the class is certified.

86.    Labor Code §§ 201 and 202 require Defendants to pay all compensation due and owing to Plaintiff and the Waiting Time Subclass during the actionable period for this cause of action at or around the time that their employment is or was terminated or ended.

87.    Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Labor Code sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) workdays.

88.    Defendants willfully failed to pay the Waiting Time Subclass for all hours worked, including all minimum and overtime wages, sick pay wages, vested vacation pay, and their meal and rest period premiums at the "regular rate of pay", prior to or upon termination or separation from employment with Defendants as required by Labor Code §§ 201 and 202.

89.    As a result, Defendants are liable to the Waiting Time Subclass for waiting time penalties amounting to thirty (30) days wages for Plaintiff and the Waiting Time Subclass pursuant to Labor Code § 203. *See,* e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

**EIGHTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(AGAINST ALL DEFENDANTS)**

90.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

91.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to pay for all hours worked including overtime wages, sick pay wages, by failing to provide all legally required meal and rest periods or pay premium payments at the "regular rate of pay" in

19

**CLASS ACTION COMPLAINT**

1    lieu thereof, by failing to provide accurate wage statements, and by failing to pay all earned wages at

2    the time of separation from employment.

3        92.    Defendants' utilization of these unfair and/or unlawful business practices deprived

4    Plaintiff and continues to deprive members of the Classes of compensation to which they are legally

5    entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over

6    Defendants' competitors who have been and/or are currently employing workers and attempting to

7    do so in honest compliance with applicable wage and hour laws.

8        93.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged

9    herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of

10   monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or

11   converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

12       94.    The acts complained of herein occurred within the last four years immediately

13   preceding the filing of the Complaint in this action.

14       95.    Plaintiff was compelled to retain the services of counsel to file this court action to

15   protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of

16   Defendants' current hourly non-exempt employees and to enforce important rights affecting the

17   public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which

18   he is entitled to recover under Code of Civil Procedure § 1021.5.

19                                **PRAYER FOR RELIEF**

20       **WHEREFORE**, Plaintiff prays for judgment for himself and for all others on whose behalf

21   this suit is brought against Defendants, as follows:

22       1.    For an order certifying the proposed Classes;

23       2.    For an order-appointing Plaintiff as representative of the Classes;

24       3.    For an order appointing Counsel for Plaintiff as Counsel for the Classes;

25       4.    Upon the First and Second Cause of Action, for compensatory, consequential,

26   general and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194,

27   1197, 1197.1, and 1198 and reasonable attorneys' fees and costs;

28       5.    Upon the Third Cause of Action, for compensatory, consequential, general and

                                        20
                            **CLASS ACTION COMPLAINT**

1 | special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, 1197, and 1198

2 | and reasonable attorneys' fees and costs;

3 |       6.      Upon the Third Cause of Action, for compensatory, consequential, general and

4 | special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

5 |       7.      Upon the Fourth Cause of Action, for compensatory, consequential, general and

6 | special damages according to proof pursuant to Labor Code §§ 226.7 and 516;

7 |       8.      Upon the Fifth Cause of Action, for compensatory, consequential, general and

8 | special damages according to proof pursuant to Labor Code §§ 246, 558, 1194.2, 1197.1, 1198, and

9 | 1199;

10 |       9.      Upon the Sixth Cause of Action, penalties pursuant to Labor Code § 226(a), and

11 | reasonable costs and attorneys' fees;

12 |       10.      Upon the Seventh Cause of Action, for statutory waiting time penalties pursuant to

13 | Labor Code §§ 201-203;

14 |       11.      Upon the Eighth Cause of Action, for restitution to Plaintiff and members of the

15 | Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or

16 | practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

17 |       12.      Prejudgment interest on all due and unpaid wages pursuant to California Labor Code

18 | § 218.6 and Civil Code §§ 3287 and 3289;

19 |       13.      On all causes of action, for attorneys' fees and costs as provided by Labor Code §§

20 | 218.5, 226, 1194, Code of Civil Procedure § 1021.5; and

21 |       14.      For such other relief that the Court may deem just and proper.

22 | Dated:   January 17, 2023          **FALAKSSA LAW, P.C.**
                                **BOKHOUR LAW GROUP, P.C.**

                              By:                         
                                Joshua Falakassa, Esq.
                                Mehrdad Bokhour, Esq.
                                Attorneys for Plaintiff and the Putative Classes

**CLASS ACTION COMPLAINT**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| Kerwyn Brumble | No.      23CV025786 |
| Plaintiff/Petitioner(s) | |
| vs. | Date:    02/17/2023 |
| Andrew M. Jordan, Inc. | Time:    10:00 AM |
| Defendant/Respondent(s) | Dept:    21 |
| | Judge:   Evelio Grillo |

ORDER re: Complex Determination

Hearing

## COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

## COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

## PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

## SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

Dated: 02/17/2023

Evelio Grillo / Judge

# EXHIBIT B

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| Mehrdad Bokhour (SBN 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>*Telephone no.:*  310-975-1493 | | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>**02/21/2023** |
| *Attorney For:*  Plaintiff | *Ref. No. or File No.:*<br>BRUMBLE V. ANDREW JORDA | Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ **V. Hutton** _____ Deputy |

| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF ALAMEDA |
|---|

| *Plaintiff:*  KERWYN BRUMBLE on behalf of herself and all others similarly situated<br>*Defendant:*  ANDREW M. JORDAN, INC., a California Corporation |
|---|

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>23CV025786 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Management Conference

3.   *a.  Party served:*    ANDREW M. JORDAN, INC., a California Corporation
  *b.  Person served:*  ANDREW M. JORDAN, Agent for Service of Process

4. *Address where the party was served:*  225 3rd St, Oakland, CA 94607

5. *I served the party:*
  **b. by substituted service.**  On: Tue, Feb 21 2023 at: 10:10 AM I left the documents listed in item 2 with or in the presence of:
    KIM BACON, COMPLIANCE MANAGER

  (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
  (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
  (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
  (4) [X] **(Declaration of Mailing)** is attached.
  (5) [ ] **(Declaration of Diligence)** attached stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [X] On behalf of *(specify):*  ANDREW M. JORDAN, INC., a California Corporation
    under the following Code of Civil Procedure section:

| [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
|---|---|
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| [ ] other: | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE**
**SUMMONS**

*8406095*
*(5233113)*
Page 1 of 2

| Attorney or Party without Attorney:<br>Mehrdad Bokhour (SBN 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>　Telephone No: 310-975-1493<br><br>　Attorney For: Plaintiff | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.:<br>BRUMBLE V. ANDREW JORDA | |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF ALAMEDA | | |
| Plaintiff: KERWYN BRUMBLE on behalf of herself and all others similarly situated<br>Defendant: ANDREW M. JORDAN, INC., a California Corporation | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>23CV025786 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
  a. Name:           Edgar Mendez
  b. Address:        **FIRST LEGAL**
                   1517 W. Beverly Blvd.
                   LOS ANGELES, CA 90026
  c. Telephone number:  (213) 250-1111
  d. **The fee** for service was:  $82.80
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☐ owner ☐ employee ☒ independent contractor
      (ii) Registration No: 2017-0001328
      (iii) County: San Francisco

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 02/21/2023 | |
|---|---|
| (Date) | Edgar Mendez |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE
SUMMONS**

*8406095*
*(5233113)*
Page 2 of 2

| Attorney or Party without Attorney:<br>Mehrdad Bokhour (SBN 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>  Telephone No: 310-975-1493 | | For Court Use Only |
|---|---|---|
|   Attorney For: Plaintiff | Ref. No. or File No.:<br>BRUMBLE V. ANDREW JORDA | |

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ALAMEDA

Plaintiff: KERWYN BRUMBLE on behalf of herself and all others similarly situated
Defendant: ANDREW M. JORDAN, INC., a California Corporation

| **PROOF OF SERVICE**<br>**By Mail** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>23CV025786 |
|---|---|---|---|---|

1. *I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Management Conference

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:
   a. Date of Mailing: Tue, Feb 21, 2023
   b. Place of Mailing: LOS ANGELES, CA 90026
   c. Addressed as follows: ANDREW M. JORDAN, INC., a California Corporation
       225 3rd St, Oakland, CA 94607

4. *I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Tue, Feb 21, 2023 in the ordinary course of business.*

Recoverable cost Per CCP 1033.5(a)(4)(B)

5. *Person Serving:*
   a. THOMAS TILCOCK
   **b. FIRST LEGAL**
     1517 W. Beverly Boulevard
     LOS ANGELES, CA 90026
   c. (213) 250-1111

   d. *The Fee for Service was:* $82.80
   e. I am: Not a Registered California Process Server

6. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 02/21/2023 | |
|---|---|
| *(Date)* | Thomas Tilcock |



Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
BY MAIL

8406095
(5233113)