UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERWYN BRUMBLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. JORDAN, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-01336-RS<br><br>**ORDER DENYING MOTION TO REMAND FOR LACK OF JURISDICTION, GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT, DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER REMAINING CLAIMS AND REMANDING THOSE CLAIMS TO STATE COURT** |

I. INTRODUCTION

This is a putative class action asserting wage and hour claims on behalf of non-exempt employees of defendant Andrew M. Jordan, Inc., a construction company that provides a "full array of construction and civil engineering services" in Northern California. Named plaintiff Kerwyn Brumble began working for Jordan in 2019 under the job title "laborer." Brumble's complaint, filed originally in Alameda County Superior Court, asserts eight claims for relief: failure to pay minimum wages, failure to pay overtime, failure to provide meal breaks, failure to provide rest breaks, failure to provide sick time compensation, wage statement violations, waiting penalties, and unfair competition.

Jordan removed the action here, contending jurisdiction exists by virtue of the preemptive effect of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), because

1   Brumble's employment is subject to a collective bargaining agreement ("CBA"). Jordan now
2   moves for summary judgment as to the claims for relief it contends are preempted, and to compel
3   arbitration as to the remaining claims, over which it contends the court has supplemental
4   jurisdiction. Brumble, in turn, moves to remand the entire action to state court, arguing the
5   complaint did not support removal jurisdiction.

6   Because the removal was proper, the motion to remand will be denied. The motion for
7   summary judgment as to the preempted claims will also be granted. The remaining state law
8   claims will be remanded to state court, without prejudice to any determination the state court may
9   subsequently make as to whether arbitration of those claims should be compelled.

## II.  DISCUSSION

### A.  Motion to remand

Because Brumble's motion to remand challenges the subject matter jurisdiction of this court, it must be addressed first. Jordan's notice of removal asserts jurisdiction is proper here based on claims in the complaint that give rise to a federal question. On their face, all of the claims for relief are stated exclusively under California state law. Jordan, however, contends certain of the claims are preempted by § 301 of the LMRA. That section provides "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C. § 185(a).

"Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). Moreover, even though "normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 1152 (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987). Accordingly, a civil complaint raising claims preempted by § 301 raises a federal

question and can properly be removed to a federal court.

The parties agree the question of whether a claim is preempted by § 301 is governed by the standards set out in *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007). Under *Burnside*, the first inquiry is whether the claim for relief involves a right conferred upon an employee by virtue of state law, as opposed to a right created by a CBA. "If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Id.* at 1059. If, however, the right exists independently of the CBA, the court must proceed to evaluate whether adjudication of the claim will be "substantially dependent on analysis of a collective-bargaining agreement." *Id.*

Here, Brumble insists his "his meal and rest period and overtime/sick pay violation claims involve state law wage and hour rights that are wholly independent from the CBAs and are instead based on the California Labor Code and applicable Wage Orders, including Wage Order No. 16 which governs the construction industry." He concludes, therefore, that Jordan has not met its burden to show preemption under the "first prong" of the *Burnside* test. Brumble then devotes the bulk of his briefing to arguing that resolution of the claims will not require any substantive analysis or interpretation of the CBA provisions, such that there is no preemption under the "second prong" of *Burnside* either.

The flaw in Brumble's argument is that he fails to address the directly applicable holding of *Curtis*. As explained by the Ninth Circuit in that case, California Labor Code section 510(a)(2), provides that the ordinary statutory provisions governing overtime compensation "do not apply to the payment of overtime compensation to an employee working pursuant to . . . [a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514." Section 514 in turn states that "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.

Accordingly, *Curtis*, concludes, "[b]y its terms, therefore, the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA." 913 F.3d at 1153–54. Because of that, as long as the employment is governed by a CBA that satisfies Labor Code section 514, the right to overtime "exists solely as a result of the CBA," and therefore is preempted under § 301. *Id.* at 1154.[1]

Jordan has submitted admissible and adequate evidence that Brumble's employment was governed by a qualifying CBA.[2] Accordingly, the claim for unpaid overtime is preempted under the first prong of *Burnside* and this action was properly removed on that basis. Brumble's arguments about whether it is necessary to "interpret" the CBA—which go to the second prong of *Burnside*—are simply not germane.

Although unnecessary to give rise to the right to remove, the same basic analysis applies to the claim for meal period violations (CBA gives rise to exemption under Labor Code section 512 (e)), the claim for rest period violations (exemption under Labor Code section 227(e) and Wage Order 16), and the claim for sick time pay (exemption under Labor Code section 245.5). Finally, the portion of the unfair competition claim that is based on these underlying alleged violations is likewise preempted and also supports removal. Brumble's motion to remand must be denied.

B. Motion for summary judgment

Jordan seeks summary judgment in its favor on the overtime, meal period, rest period, and sick time claims, as well as the portion of the unfair competition claim arising from those claims, on grounds that Jordan's employment was exempt from the state law provisions he contends were

---

[1] *Curtis* addressed a motion to dismiss. Although a few district court decisions have declined to apply it in the context of motion to remand, the majority of courts have found that to be a distinction without a difference. *See Alexander v. Bio-Pac., LLC*, 2023 WL 2573866, at *3 (C.D. Cal. Mar. 20, 2023) (collecting cases).

[2] Brumble's briefing on the motion to remand does not dispute the existence of the CBA or that it satisfies section 514. To the extent his opposition to summary judgment raises such arguments, they are addressed below.

4

violated. As reflected in the discussion in the preceding section, Jordan's position is sound.

Brumble's opposition to summary judgment is two-fold. First, he argues that Jordan has not adequately established that his employment was in fact subject to the CBA Jordan submitted with its motion papers. Jordan, however, laid an adequate foundation for the admissibility of the document, including its authenticity, and provided evidence that Brumble was employed pursuant to its terms. Notably, Brumble offers no declaration or other evidence to the contrary. There is no material dispute of fact that the CBA applies.

Second, Brumble contends the CBA does not fully meet the requirements of Wage Order 16 to make his employment exempt from the statutory meal period and rest break rules.[3] The issues to which Brumble points, however, do not obviate the effect of the CBA. For example, Brumble complains that the CBA does not expressly require that employees be provided "an adequate supply of potable water, soap, or other suitable cleansing agent and single use towels for handwashing." Nothing in the statutes or the wage order, however, requires a CBA to contain such a provision to exempt employees from the default meals requirements. Brumble also argues the CBA does not include a "final and binding mechanism" for resolving meal period disputes, but Section 9 of the agreement does just that. Similarly, while Brumble asserts the CBA does not provide for the "working conditions" of employees, the agreement clearly is focused on that very topic and covers it adequately to give rise to the exemptions.

Accordingly, Brumble's employment was not subject to the California statutory requirements that govern overtime, rest period, meal periods, and sick time in the absence of a qualifying CBA. His claims under those statutes fail as a matter of law, and Jordan's motion for summary judgment must be granted.

---

[3] Brumble makes no argument that CBA does not meet all of the requirements necessary for exemption as to the overtime and sick time claims. Summary judgment would therefore be warranted on those claims even if there were some issue as to the meal and rest period claims.

C. Remaining claims

Jordan does not contend preemption applies to Brumble's claims for minimum wage violations, wage statement violations, waiting penalties, and or the portion of the unfair competition that rests on those claims. Instead, he moves to compel Brumble to arbitrate those claims pursuant to an arbitration provision of the CBA. Brumble opposes, arguing that Jordan waived the right to compel arbitration by seeking a court adjudication of some of the claims in this action via its summary judgment motion.

Jordan insists there is no waiver because it sought no relief from the court as to the specific claims for relief that it wishes to arbitrate, other than the motion to compel arbitration. Neither party has pointed to any authority addressing circumstances like these, where a defendant has sought court relief as to only a subset of the arbitrable claims pleaded in a single complaint and arising from the same set of operative facts.

Ultimately, however, the question of whether these remaining state law claims are subject to arbitration is more appropriately addressed by the state courts. The very basis on which Jordan argues this court should exercise supplemental jurisdiction over the claims is its contention that all of the claims arising from the events alleged in the complaint should be adjudicated together. By seeking summary judgment on the preempted claims and arbitration of the remaining claims, however, Jordan has already precluded that. Additionally, the determination that certain claims are preempted has not required substantive analysis of the underlying facts or remaining claims such that there would be any judicial efficiencies in exercising supplemental jurisdiction were arbitration not ordered.

A court may decline to exercise supplemental jurisdiction over related state-law claims once it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001). Discretion counsels such a result here.

### III. CONCLUSION

Brumble's motion to remand this action for lack of jurisdiction is denied. Jordan's motion

for summary judgment in its favor as to Brumble's overtime, meal period, rest period, and sick time claims, as well as the portion of the unfair competition claim arising from those claims, is granted. Jordan's motion to compel arbitration of the remaining claims is denied, without prejudice to its refiling in state court following remand. This action is hereby remanded to the Alameda County Superior Court.

**IT IS SO ORDERED**.

Dated: June 16, 2023

_____
RICHARD SEEBORG
Chief United States District Judge